## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------- x
KATHARINE PILEGGI, ANTHONY        :
PILEGGI, and EP, by next friends  :
KATHARINE PILEGGI and ANTHONY     :
PILEGGI,                          :
                                  :
          Plaintiffs,             :
                                  :
v.                                :
                                  :
KIM MATHIAS, Assistant Attorney   :
General State of Connecticut, in  :
her individual and Official       :
capacity; JOETTE KATZ, in her     :
individual and official           :
capacity; KAELA MINERLY, in her   :   Civil No. 3:22-cv-1315 (AWT)
Individual and official           :
capacity; FRANK ROTOVNIK, in his  :
individual and official           :
capacity; CONNECTICUT CHILDREN'S  :
MEDICAL CENTER; DR. ROMAN ALDER;  :
DR. LAWRENCE ZEMMEL; DR. LINDSEY  :
LAUGHINGHOUSE; DR. ANDREW BAZOS;  :
DR. KEVIN FITZSIMMONS;            :
CONNECTICUT DEPARTMENT OF         :
CHILDREN AND FAMILIES ("DCF"),    :
and "JOHN and JANE DOES 1-10,"    :
                                  :
          Defendants.             :
------------------------------- x
```

## ORDER RE MOTION TO DISMISS

Defendant Department of Children and Families and defendants Kim Mathias, Joette Katz, Kaela Minerly, and Frank Rotovnik (in their official capacity) have moved to dismiss the claims against them in the plaintiffs' Amended Complaint. For the reasons set forth below, the defendants' motion is being granted.

## I.    LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 568.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight

of the evidence which might be offered in support thereof.'"
Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn.
1999) (quoting Ryder Energy Distribution v. Merrill Lynch
Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue
on a motion to dismiss is not whether the plaintiff will
prevail, but whether the plaintiff is entitled to offer evidence
to support his claims." United States v. Yale New Haven Hosp.,
727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S.
at 232).

In its review of a motion to dismiss for failure to state a
claim, the court may consider "only the facts alleged in the
pleadings, documents attached as exhibits or incorporated by
reference in the pleadings and matters of which judicial notice
may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15
(2d Cir. 1993). "[I]n some cases, a document not expressly
incorporated by reference in the complaint is nevertheless
'integral' to the complaint and, accordingly, a fair object of
consideration on a motion to dismiss. A document is integral to
the complaint 'where the complaint relies heavily upon its terms
and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir.
2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153
(2d Cir. 2002)).

## II.  DISCUSSION

Claim One is a claim pursuant to 42 U.S.C. § 1983 against all defendants for violation of the First Amendment and the Fourteenth Amendment. Claim Two is a claim pursuant to 42 U.S.C. § 1983 against defendants Katz, Minerly, Rotovnik, and the Department of Children and Families ("DCF") for violation of Article I, Section 9, of the Constitution. Claim Three is a claim pursuant to 42 U.S.C. § 1983 against defendants Katz, Minerly, Rotovnik, DCF, and Mathias for violation of the Fifth Amendment and the Fourteenth Amendment. Claim Four is a claim against defendants Katz, Minerly, Rotovnik, and DCF for abuse of process. Claim Five is a claim against defendants Katz, Minerly, Rotovnik, and DCF for malicious prosecution. Claim Seven is a claim against all defendants for negligent infliction of emotional distress. Claim Eight is a claim against all defendants for intentional infliction of emotional distress. Claim Eleven is a claim pursuant to 42 U.S.C. § 1983 against defendant DCF for municipal liability.

The defendants have moved to dismiss the plaintiffs' claims on the basis that these claims are barred by the Eleventh Amendment and sovereign immunity, both as to DCF and as to defendants Mathias, Katz, Minerly, and Rotovnik (the "individual defendants") in their official capacity.

The instant motion was filed before the plaintiffs were granted leave to amend the Complaint and before they filed the Amended Complaint. Despite being on notice of the defendants' contentions with respect to the Eleventh Amendment and sovereign immunity as to the individual defendants in their official capacity, the plaintiffs did not address the defendants' official capacity arguments in their opposition to the motion to dismiss. See Pls.' Opp. (ECF No. 45) ("Plaintiffs' Response to Defendants' Motion to Dismiss Action Against Former Commissioner Joette Katz, Social Worker Kaela Minerly, Social Worker Frank Rotovnic in Their Individual Capacities"). Therefore, the plaintiffs' claims against the individual defendants in their official capacity are deemed abandoned and are being dismissed. See McLeod v. Verizon New York, 995 F.Supp.2d 134, 143 (E.D.N.Y. 2014) ("[C]ourts in this circuit have held that a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute[s] an abandonment of those claims.") (internal quotation marks, citation, and brackets omitted); see also Fantozzi v. City of New York, 343 F.R.D. 19, 32 (S.D.N.Y. 2022) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (internal quotation marks and citation omitted).

With respect to defendant Katz, the plaintiffs "concede[]
that the law indicates that Commissioner Joette Katz is not
liable for the claims against DCF or their agents, defendants
Minerly and Rotovik; and that she should be dismissed from this
action." Id. at 1. Thus, the plaintiffs' claims against
defendant Katz, both in her individual capacity and in her
official capacity, are being dismissed.

With respect to defendant DCF, it is unclear whether the
plaintiffs have abandoned their claims against it. Compare id.
at 2 ("The defendants' motion as it relates to Minerly and
Rotovnik should be therefore denied.") with id. at 14
("[P]laintiffs respectfully request that this court deny the
defendants Motion to Dismiss defendants DCF, Minerly and
Rotovnik."). Nevertheless, to the extent the plaintiffs have not
abandoned their claims against DCF, the court concludes that
these claims must be dismissed because they are barred by the
Eleventh Amendment.

"[S]uits against governmental entities are limited by the
Eleventh Amendment which prohibits a citizen of a State from
suing a State or its agencies in federal court." Goonewardena v.
New York, 475 F.Supp.2d 310, 322 (S.D.N.Y. 2007). "In order to
be subject to suit in federal court, a state must expressly and
unambiguously waive its sovereign immunity, or Congress must
clearly and unmistakably express its intention to abrogate the

-6-

immunity in the language of the particular statute." Wagner v. Conn. Dep't of Correction, 599 F.Supp.2d 229, 238 (D. Conn. 2009). Sovereign immunity "also extends to damage actions against state employees acting in their official capacities because the state is the real party in interest." Gonnewardena, 475 F.Supp.2d at 322. With respect to Section 1983, "[a] State's sovereign immunity is not abrogated by 42 U.S.C. § 1983." Thomas v. Calero, 824 F.Supp.2d 488, 498 (S.D.N.Y. 2011). In addition, "Connecticut has not waived its sovereign immunity with respect to claims for money damages brought under section 1983 . . . ." Turner v. Boyle, 116 F.Supp.3d 58, 73 (D. Conn. 2015).

In addition, any claims against DCF must be dismissed because DCF is not a person subject to suit under 42 U.S.C. § 1983. See Dutkiewicz v. Hyjeck, 135 F. App'x 482, 483 (2d Cir. 2005) ("With respect to plaintiffs' § 1983 claims for constitutional violations, we conclude that . . . DCF and the AG's office are not 'persons' subject to suit under § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)[.]").

Because the plaintiffs have failed to state a claim upon which relief can be granted as to any claims against DCF over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction with respect to any remaining state law claims against DCF or against the individual

defendants in their official capacity. <u>See</u> 28 U.S.C. § 1367(c)(3). Considering the factors set forth in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966), the court concludes that judicial economy, convenience, and fairness point toward declining jurisdiction over such claims as to these defendants. <u>See</u> <u>Kolari v. New York-Presbyterian Hosp.</u>, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]f the federal law claims are dismissed before trial ... the state claims should be dismissed as well." (quoting <u>Gibbs</u>, 383 U.S. at 726)).

## III. CONCLUSION

Accordingly, the Motion to Dismiss Action Against State Defendants in Their Official Capacity (ECF No. 26) is hereby GRANTED.

The claims against defendant Katz, both in her individual capacity and in her official capacity, are dismissed with prejudice.

The claims against defendants Mathias, Minerly, and Rotovnik in their official capacity and against defendant DCF are dismissed with prejudice for failure to state a claim upon which relief can be granted, and the court declines to exercise supplemental jurisdiction over any state law claims.

It is so ordered.

Dated this 23rd day of August 2023, at Hartford, Connecticut.

                                    /s/AWT
                        _____
                             Alvin W. Thompson
                        United States District Judge