**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
KATHARINE PILEGGI, ANTHONY       :
PILEGGI, and EP, by next friends :
KATHARINE PILEGGI and ANTHONY    :
PILEGGI,                         :
                                 :
          Plaintiffs,            :
                                 :
v.                               :
                                 :
KIM MATHIAS, Assistant Attorney  :
General State of Connecticut, in :
her individual and Official      :
capacity; JOETTE KATZ, in her    :
individual and official          :
capacity; KAELA MINERLY, in her  :   Civil No. 3:22-cv-1315 (AWT)
Individual and official          :
capacity; FRANK ROTOVNIK, in his :
individual and official          :
capacity; CONNECTICUT CHILDREN'S :
MEDICAL CENTER; DR. ROMAN ALDER; :
DR. LAWRENCE ZEMMEL; DR. LINDSEY :
LAUGHINGHOUSE; DR. ANDREW BAZOS; :
DR. KEVIN FITZSIMMONS;           :
CONNECTICUT DEPARTMENT OF        :
CHILDREN AND FAMILIES ("DCF"),   :
and "JOHN and JANE DOES 1-10,"   :
                                 :
          Defendants.            :
------------------------------- x
```

**ORDER RE MOTION TO DISMISS**

Defendant Kim Mathias has moved to dismiss the individual capacity claims against her in the plaintiffs' Amended Complaint. For the reasons set forth below, the defendant's motion is being granted.

I.    **LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 568.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight

of the evidence which might be offered in support thereof.'"
Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn.
1999) (quoting Ryder Energy Distribution v. Merrill Lynch
Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue
on a motion to dismiss is not whether the plaintiff will
prevail, but whether the plaintiff is entitled to offer evidence
to support his claims." United States v. Yale New Haven Hosp.,
727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S.
at 232).

    In its review of a motion to dismiss for failure to state a
claim, the court may consider "only the facts alleged in the
pleadings, documents attached as exhibits or incorporated by
reference in the pleadings and matters of which judicial notice
may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15
(2d Cir. 1993). "[I]n some cases, a document not expressly
incorporated by reference in the complaint is nevertheless
'integral' to the complaint and, accordingly, a fair object of
consideration on a motion to dismiss. A document is integral to
the complaint 'where the complaint relies heavily upon its terms
and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir.
2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153
(2d Cir. 2002)).

## II.   DISCUSSION

Claim One is a claim pursuant to 42 U.S.C. § 1983 against all defendants for violation of the First Amendment and the Fourteenth Amendment. Claim Three is a claim pursuant to 42 U.S.C. § 1983 against, inter alia, defendant Mathias for violation of the Fifth Amendment and the Fourteenth Amendment. Claim Seven is a claim against all defendants for negligent infliction of emotional distress. Claim Eight is a claim against all defendants for intentional infliction of emotional distress.

Defendant Mathias has moved to dismiss the claims against her on the basis that they are barred by absolute immunity and qualified immunity and that the allegations in the Amended Complaint are insufficient to establish plausible or legally cognizable claims.

The instant motion was filed before the plaintiffs were granted leave to amend the Complaint and before they filed the Amended Complaint. Despite being on notice of the defendants' contentions with respect to absolute and qualified immunity, the plaintiffs do nothing in the Amended Complaint to add specific allegations with respect to actions by defendant Mathias which suggest that she is not entitled to absolute or qualified immunity despite her status as an Assistant Attorney General. The plaintiffs instead appear to continue to rely on the argument that the court should infer that defendant Mathias

-4-

acted outside the courtroom and outside her role as an attorney

for the Department of Children and Families ("DCF") with respect

to the plaintiffs. See Pls.' Opp. (ECF No. 44) at 5-8. The

Amended Complaint mentions defendant Mathias's actions only

once[1]:

> Frank Rotovnik of DCF made this baseless decision with
> the support of Defendant Kim Mathias, Assistant Attorney
> General, who went well beyond her authority as a
> government officer and pushed for the couple to divorce
> as well. Defendant Mathias also pressed for Ms. Pileggi
> to relinquish her rights to her children, to stop seeing
> her family therapist, and to discontinue her studies in
> Naturopathic medicine.

Am. Compl. (ECF No. 47) ¶ 57. Standing alone, this paragraph

does not suggest that defendant Mathias was acting beyond the

scope of her role as an advocate for DCF. See Cornejo v. Bell,

592 F.3d 121, 128 (2d Cir. 2010) ("Of particular relevance here,

we have held that an attorney for a county Department of Social

Services who 'initiates and prosecutes child protective orders

and represents the interests of the Department and the County in

Family Court' is entitled to absolute immunity." (quoting Walden

v. Wishengrad, 745 F.2d 149, 152 (2d Cir. 1984)). Because the

Amended Complaint alleges facts that show that defendant Mathias

is entitled to immunity for her actions, the court does not

---

[1] Although the captions for Claim One, Claim Seven, and Claim
Eight name all defendants, none of these suggest any involvement
by defendant Mathias.

address the defendant's remaining arguments.

**III.  CONCLUSION**

Accordingly, the Motion to Dismiss Action Against Assistant Attorney General Kim Mathias (ECF No. 27) is hereby GRANTED. The claims against defendant Mathias in her individual capacity are dismissed with prejudice for failure to state a claim upon which relief can be granted.

It is so ordered.

Dated this 23rd day of August 2023, at Hartford, Connecticut.

                                    /s/AWT
                         _____
                              Alvin W. Thompson
                         United States District Judge