```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

------------------------------- x
KATHARINE PILEGGI, ANTHONY       :
PILEGGI, and EP, by next friends :
KATHARINE PILEGGI and ANTHONY    :
PILEGGI,                         :
                                 :
          Plaintiffs,            :
                                 :
v.                               :
                                 :
KIM MATHIAS, Assistant Attorney  :
General State of Connecticut, in :
her individual and Official      :
capacity; JOETTE KATZ, in her    :
individual and Official          :
capacity; KAELA MINERLY, in her  :  Civil No. 3:22-cv-1315 (AWT)
individual and official          :
capacity; FRANK ROTOVNIK, in his :
individual and official          :
capacity; CONNECTICUT CHILDREN'S :
MEDICAL CENTER; DR. ROMAN ALDER; :
DR. LAWRENCE ZEMMEL; DR. LINDSEY :
LAUGHINGHOUSE; DR. ANDREW BAZOS; :
DR. KEVIN FITZSIMMONS; HEATHER   :
PERRAULT; CONNECTICUT DEPARTMENT :
OF CHILDREN AND FAMILIES; and    :
"JOHN and JANE DOES 1-10,"       :
                                 :
          Defendants.            :
------------------------------- x
```

**ORDER RE DEFENDANT LAUGHINGHOUSE'S**
**MOTION TO DISMISS AMENDED COMPLAINT**

For the reasons set forth below, Defendant's Rule 12(b)(2), 12(b)(5) and/or 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 54) is hereby GRANTED.

**I. Background**

On January 9, 2023, the plaintiffs filed a proof of service

with respect to defendant Dr. Lindsey Laughinghouse. The proof of service stated in part:

> I served the summons on (name of individual) Karen Early-Risk MNGMT, who is designated by law to accept service of process on behalf of (name of organization) Dr. Lindsay Laughinghouse on (date) 11/28/2022; or New Milford Hospital . . .

ECF No. 20-2 at 3. The proof of service also stated:

> My fees are $6.38 for travel and $88.00 for services, for a total of $94.38 . . .

Id. State Marshal J. Stephen Woods signed the proof of service under penalty of perjury.

The parties are in agreement that a copy of the summons and complaint was sent via facsimile transmission to Karen Early at Danbury Hospital on or about November 28, 2022. The plaintiffs state that the State Marshal followed up by hand-delivering a copy of the summons and complaint to Karen Early the same day, and the plaintiffs' position is supported by the fact that the proof of service reflects that there was a charge for travel.

On December 19, 2022, defendant Laughinghouse filed her initial motion to dismiss. In that motion, she argued that the complaint should be dismissed pursuant to Rules 12(b)(2), 12(b)(5) and/or 12(b)(6). In support of her Rule 12(b)(5) argument, Laughinghouse submitted an affidavit. In her affidavit, she averred:

> 2. I was last employed by New Milford Hospital/Nuvance Health on October 18, 2021.

-2-

>   3. I was never served a Summons and Complaint in connection to this matter by any of the following means:
>
>      a. personally,
>
>      b. at my home in any manner, and/or
>
>      c. by/through any agent authorized to receive service of process on my behalf.
>
>   4. I have never designated and/or authorized any agent to receive service of process on my behalf.
>
>   5. I have never waived service of process in this matter.

Affidavit of Lindsey Laughinghouse in Support of Her 12(b) Motion to Dismiss, ECF No. 8-2 at 1.

## II. **Legal Standard**

Under Federal Rule of Civil Procedure 4, an individual may be served in a judicial district of the United States by:

>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2) doing any of the following:
>
>      (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>      (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>      (C) delivering a copy of each to an agent

>       authorized by appointment or by law to
>       receive service of process.

Fed. R. Civ. P. 4(e).

"[A] district court does not have personal jurisdiction over defendants who have not been properly served." Founders Insurance Co. v. Cuz DHS, LLC, No. 3:17-CV-1476 (JCH), 2017 WL 5892194, at *3 (D. Conn. Nov. 28, 2017) (citing Jackson v. State of Conn. Dep't of Public Health, 3:15-CV-750 (CSH), 2016 WL 3460304, at *8 (D. Conn. June 20, 2016)). "'Sufficiency of service is a precondition for the court's exercise of jurisdiction over a party and, therefore, constitutes an interrelated ground on which to dismiss a case for lack of personal jurisdiction pursuant to Rule 12(b)(2).'" Radwan v. Univ. of Connecticut Bd. of Trustees, No. 3:16-CV-2091 (VAB), 2017 WL 6459799, at *3 (D. Conn. Dec. 14, 2017) (quoting Carliell v. American Inv. Exch., LLC, No. 3:12-CV-1700 (JCH), 2013 WL 4782133, at *2 (D. Conn. Sept. 5, 2013)). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (alteration in original) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)).

## III. Discussion

Defendant Laughinghouse's argument in support of the instant motion as to why she has never been properly served is the same argument she made in her initial motion to dismiss. In her opposition to the instant motion to dismiss, the plaintiffs quote Connecticut General Statutes §§ 52-57(a) and (c). Section 52-57(c) is inapplicable because it relates to actions against a private corporation and defendant Laughinghouse is not a private corporation. Section 52-57(a) provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." This provision is inapplicable because the plaintiffs do not contend, and there is no indication that, the summons and complaint were left with defendant Laughinghouse or at her usual place of abode.

Rather, it appears that the plaintiffs are relying on Rule 4(e)(2)(C). The plaintiffs argue:

> The Return of Service clearly indicates all parties were [properly] served directly and all individuals authorized to accept service – relevant to the Instant Motion, Defendant Laughinghouse –received service via authorized designees. Ms. Early, Risk Management, instructed Marshall Stephen Woods to fax the documents as she would accept service via facsimile transmission. Marshall Woods faxed the documents to Ms. Early, then, to ensure service was proper, followed up with in hand service later that same

>   day. (Dkt. No. 20-2). Ms. Early is the designated
>   agent to accept service on behalf of Danbury
>   Hospital as well as New Milford Hospital, and
>   their doctors. Defendant Laughinghouse is
>   currently employed at New Milford Hospital.
>   Therefore, service was proper.

ECF No. 58 at 2-3 (italics and bolding removed).

The plaintiffs present no support for their contention that Early was the designated agent to accept service on behalf of Danbury Hospital, New Milford Hospital and their doctors, nor any evidence that even if she were such a designated agent, she was also authorized to accept service for registered nurses. The State Marshall's return makes reference to a designation "by law," but the plaintiffs do not cite to an applicable law. Moreover, even if the plaintiffs were to produce such evidence, that would not show that proper service was made on defendant Laughinghouse. The State Marshal delivered the summons and complaint to Early on November 28, 2022. Laughinghouse stopped working at New Milford Hospital/Nuvance Health on October 18, 2021, so even if Early was the designated agent to accept service on behalf of registered nurses working at the New Milford Hospital, Laughinghouse had not been working at the New Milford Hospital for over a year when the State Marshal delivered the papers to Early.

The court does not know what to make of the plaintiffs' assertion in their opposition, which was filed on June 27, 2023,

-6-

that Laughinghouse "is currently employed at New Milford Hospital." Assuming arguendo that she was employed at New Milford Hospital in June of 2023, that does not establish that she was so employed on November 28, 2022.

The plaintiffs have been aware of the factual contentions on which defendant Laughinghouse relies in support of her position that she was never properly served since at least December 19, 2022. Yet they have produced no evidence to call into question the accuracy of those factual contentions. Consequently, the plaintiffs have not met their burden of proving adequate service in this case. Thus, the court does not have personal jurisdiction over defendant Laughinghouse and her motion to dismiss must be granted.

## IV. Conclusion

Given the lengthy period of time during which the plaintiffs have taken no steps to develop a record calling into question the factual contentions on which defendant Laughinghouse relies, this case is dismissed with prejudice as to her.

It is so ordered.

Dated this 1st day of March 2024, at Hartford, Connecticut.

                                          /s/AWT
                                    Alvin W. Thompson
                                 United States District Judge