UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
KATHARINE PILEGGI, ANTHONY       :
PILEGGI, and EP, by next friends :
KATHARINE PILEGGI and ANTHONY    :
PILEGGI,                         :
                                 :
         Plaintiffs,             :
                                 :
v.                               :
                                 :
KIM MATHIAS, Assistant Attorney  :
General State of Connecticut, in :
her individual and official      :
capacity; JOETTE KATZ, in her    :
individual and official          :
capacity; KAELA MINERLY, in her  :  Civil No. 3:22-cv-1315 (AWT)
individual and official          :
capacity; FRANK ROTOVNIK, in his :
individual and official          :
capacity; CONNECTICUT CHILDREN'S :
MEDICAL CENTER; DR. ROMAN ALDER; :
DR. LAWRENCE ZEMEL; DR. LINDSEY  :
LAUGHINGHOUSE; DR. ANDREW BAZOS; :
DR. KEVIN FITZSIMMONS; HEATHER   :
PERRAULT; CONNECTICUT DEPARTMENT  :
OF CHILDREN AND FAMILIES; and    :
"JOHN and JANE DOES 1-10,"       :
                                 :
         Defendants.             :
------------------------------- x
```

**ORDER RE MOTION TO DISMISS BY DCF DEFENDANTS**

For the reasons set forth below, the Motion to Dismiss

Action Against Former Commissioner Joette Katz, DCF Social

Worker Kaela Minerly, and DCF Social Worker Frank Rotovnik (ECF

No. 55) is hereby GRANTED in part and DENIED WITHOUT PREJUDICE

in part.

Certain of the claims in the plaintiffs' Amended Complaint, ECF No. 47, against Joette Katz, Kaela Minerly, and Frank Rotovnik, should be dismissed based on the allegations in the complaint and the substantive legal standards. Those claims are Claims One, Two, Four, Five and Seven and all claims against defendant Joette Katz. As to the remaining claims, however, so many of the allegations in the Amended Complaint and the arguments by the plaintiffs in the plaintiffs' opposition and surreply are at variance with the DCF records submitted by the plaintiffs and matters as to which the DCF Defendants have asked the court to take judicial notice, that the court has concluded it is most appropriate to resolve those issues in the context of a motion for summary judgment filed prior to any additional discovery being conducted.

The court's analysis with respect to the claims against the DCF Defendants is set forth below.

## I.   <u>Legal Standard</u>

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (citations and internal quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"

<u>Mytych v. May Dep't Store Co.</u>, 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting <u>Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984)).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transp. Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).

"[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" <u>Goel v. Bunge, Ltd.</u>, 820 F.3d 554, 559 (2d Cir. 2016) (quoting <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002)).

## II.  <u>Defendant Katz</u>

The DCF Defendants argue that the claims against former Commissioner Katz should be dismissed on the ground that the plaintiffs concede that she is not personally liable with respect to any of the claims in the Amended Complaint. In their opposition, the plaintiffs contest that. The Amended Complaint

4

alleges that Katz "was DCF Commissioner from 2010-2017 and
oversaw all aspects of the Department, including policy and
procedures, and was guided by a federal consent decree with the
government throughout her tenure." Am. Compl. ¶ 11. But none of
the alleged conduct on which the plaintiffs' claims are based
occurred during that period.

Therefore, all claims against defendant Katz are being
dismissed.

**III. Claim One**

Claim One is a claim against the DCF Defendants, as well as
all other defendants. It purports to be a claim for interference
with the plaintiffs' liberty interest in raising their child, in
making medical decisions and in having intimate association. It
is  brought pursuant to 42 U.S.C. § 1983 claiming a violation of
the First and Fourteenth Amendments.

However, as pointed out by the DCF Defendants in their
memorandum, the right to family integrity is a substantive due
process right. See Tenenbaum v. Williams, 193 F.3d 581 (2d Cir.
1999)("The Tenenbaums and their family have, in general terms, a
substantive right under the Due Process Clause".). The
plaintiffs cite to Tenenbaum in their opposition (see Pls.'
Response (ECF No. 57) at 5) and cite to no authority for the

proposition that they can bring this claim based on the First Amendment, as they seek to do in Claim One.

Therefore, Claim One is being dismissed without prejudice because it is encompassed in Claim Three.

## IV.  Claim Two

Claim Two is a claim against the DCF Defendants pursuant to 42 U.S.C. § 1983 "for abrogating the plaintiffs' right to travel among the states". Am. Compl. page 23.

"The federal guarantee of interstate travel . . . protects interstate travelers against two sets of burdens: the erection of actual barriers to interstate movement and being treated differently from intrastate travelers." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 276-77 (1993) (internal quotation marks and citation omitted). It "does not transform state-law torts into federal offenses when they are intentionally committed against interstate travelers." Id. "The right to travel is implicated in three circumstances: (1) when a law or action deters such travel; (2) when impeding travel is its primary objective; and (3) when a law uses any classification which serves to penalize the exercise of that right." Torraco v. Port Auth. of New York & New Jersey, 615 F.3d

129, 140 (2d Cir. 2010) (internal quotation marks and citation omitted).

Here, the plaintiffs allege that "Defendants Minerly and Rotovnik wrongfully and maliciously reported Ms. Pillegi to Florida DCF for traveling outside of Connecticut with EP . . . ." Am. Compl. ¶ 103. The plaintiffs allege that by contacting Florida police to detain Pileggi the DFC Defendants "plac[ed] barriers to traveling outside of Connecticut. The main barrier being threat of arrest and detainment." Am. Compl. ¶ 108. These allegations do not implicate any of the three circumstances set out in Torraco.

With respect to the first circumstance, no law deterring travel is at issue in this case, and no facts are alleged that could show that the plaintiffs were treated differently from intrastate travelers. With respect to the second circumstance, no facts are alleged that could support a conclusion that impeding travel was a primary objective of the DCF Defendants. To the contrary, the only reasonable inference supported by the facts alleged in the Amended Complaint is that there was a disagreement between the plaintiffs and the DCF Defendants about proper care for EP. As to the third circumstance, this case does not involve use of a law in such a manner.

Therefore, Claim Two is being dismissed.

**V.  Claim Four**

Claim Four is a claim against the DCF Defendants for abuse of process. "An action for abuse of process lies against any person using 'a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" Alexandru v. Dowd, 79 Conn. App. 434, 441 (2003) (citing Varga v. Pareles, 137 Conn. 663, 667 (1951).

The Amended Complaint alleges that "[o]n or about April 5, 2019, the Honorable Judge Turner ordered the Department of Children and Families to provide necessary medical treatment, as recommended by the treating physicians and/or medical specialists . . . . Judge Turner further issued a Temporary Order of Custody to DCF". Am. Compl. ¶¶ 45-46. The basis for that ruling was that "[s]aid child or youth is in immediate physical danger from surroundings". ECF No. 27-2 at 2 of 53. In addition, the court found that "[r]easonable efforts to prevent or eliminate the need for removal of said child or youth were made by the state". Id. Thus, the DCF Defendants were the prevailing party.

Based on these factual allegations and facts of which the court takes judicial notice, the Amended Complaint does not allege facts that could show that the DCF Defendants acted in an

8

improper manner or to accomplish a purpose for which legal process was not designed.

Therefore, Claim Four is being dismissed.

**VI.  Claim Five**

Claim Five is a claim against the DCF Defendants for malicious prosecution. In Connecticut, "'[a]n action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than bringing an offender to justice.'" Bhatia v. Debek, 287 Conn. 397, 404 (2008) (quoting McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982)).

The matter initiated by the DCF Defendants was in Superior Court for Juvenile Matters. Such matters are civil proceedings, not criminal proceedings. See In re Nicholas R., 92 Conn. App. 316, 321 (2005) ("Child neglect proceedings are civil proceedings.").

Therefore, Claim Five is being dismissed.

## VII. Claim Seven

Claim Seven is a claim against the DCF Defendants, as well as all other defendants, for negligent infliction of emotional distress. As the DCF Defendants point out, they are entitled to statutory immunity pursuant to Connecticut General Statutes § 4-165(a). That statute provides that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." Conn. Gen. Stat. § 4-165(a). "In other words, state employees may not be held personally liable for their negligent a   ctions performed within the scope of their employment. . . . " Gilman v. Shames, 189 Conn. App. 736, 743-744 (2019).

The plaintiffs contest this point but appear to do so based on the fact that § 4-165 "does not include even a reference to DCF or DCF investigations. The defendants make no argument as to why the court should carve out an exception for the statute in this manner." Pls.' Response (ECF No. 57) at 16-17. Based on the allegations in the Amended Complaint, there is no need to carve out an exception to the statute. The factual allegations in the Amended Complaint clearly establish that the DCF Defendants were acting within the scope of their employment.

**VIII.   Claims Three and Eight**

Claim Three is a claim against the DCF Defendants pursuant to 42 U.S.C. § 1983 for violation of the plaintiffs' substantive and procedural due process rights. The DCF Defendants argue, inter alia, that they are entitled to qualified immunity. Claim Eight is a claim against the DCF Defendants, as well as all other defendants, for intentional infliction of emotional distress.

These claims are ones where the court has concluded it is most appropriate to resolve the issues raised in the parties' papers in the context of a motion for summary judgment.

Also, to the extent the DCF Defendants maintain that these remaining claims are barred by the Rooker-Feldman doctrine, they should consider the arguments made by the plaintiffs at pages 8 and 9 of their surreply (ECF No. 71), and also review Hunter v. McMahon, 75 F.4th 62 (2d Cir. 2023); Dorce v. City of New York, 2 F.4th 82 (2d Cir. 2021); Plymouth Venture Partners, II, L.P. v. GTR Source, LLC, 988 F.3d 634 (2d Cir. 2021); Sykes v. Mel S. Harris and Assocs. LLC, 780 F.3d 70 (2d Cir. 2015); Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423 (2d Cir. 2014); Sung Cho v. City New York, 910 F.3d 639 (2d Cir. 2018).

**IX.  Conclusion**

All claims against defendant Joette Katz are dismissed. Claim
One is dismissed without prejudice because it is encompassed in
Claim Three. Claims Two, Four, Five, and Seven are dismissed
with prejudice.

The court will discuss with counsel the benefits of having a
status conference before the DCF Defendants file any motion for
summary judgment.

It is so ordered.

Dated this 29th day of March 2024, at Hartford, Connecticut.


                                    /s/AWT
                          _____
                              Alvin W. Thompson
                          United States District Judge