**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **KATHARINE PILEGGI ET AL.,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL NO. 3:22-cv-01315-AWT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MATHIAS ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | **APRIL 30, 2026** |

**OBJECTION TO THE PLAINTIFFS' MOTION FOR LEAVE TO SERVE REBUTTAL EXPERT DISCLOSURES**

The undersigned defendants, **Connecticut Children's Medical Center ("CT Children's"), Lawrence Zemel, M.D., and Kevin Fitzsimmons**, P.A. (collectively, "**the CT Children's defendants")**, respectfully object to the plaintiffs' Revised Motion for Leave to Serve Rebuttal Expert Disclosures. ECF No. 111. Although the plaintiffs label their new expert, Harry Hull, M.D., as a "rebuttal" expert, he is plainly an untimely expert to matters on which the plaintiffs bear the burden of proof, namely, standard of care and causation, both of which are required to maintain a cause of action for medical malpractice. It was the plaintiffs' burden to disclose such experts *before* the defendants disclosed their own experts. They failed to do so. For that reason in particular, the plaintiffs' efforts to shift blame for their untimely disclosure of Dr. Hull ring especially hollow. The plaintiffs' disclosure of Dr. Hull at this late stage of the case— after the close of discovery and after the CT Children's defendants have filed their Motion for Summary Judgment—would cause undue prejudice and expense to the defendants. For all these reasons, discussed more fully below, the Court should deny the plaintiffs' Motion and consider the CT Children's defendants' Motion for Summary Judgment; ECF No. 98; on the record presently before the Court.

## I.   FACTUAL BACKGROUND

The claims in this case relate to medical care and treatment that the CT Children's defendants provided to the plaintiffs' minor child, EP. The plaintiffs allege that EP was bitten by a tick and began experiencing symptoms including a low-grade fever, vomiting, joint pain, fatigue, and swollen lymph nodes. Am. Compl., ECF No. 47 at 7  ¶ 17. The plaintiffs took EP to the defendant Dr. Zemel, a pediatric rheumatologist at CT Children's. *Id.* ¶¶ 17–18. Dr. Zemel allegedly evaluated EP and diagnosed her with juvenile idiopathic arthritis. *Id.* ¶ 17.

The plaintiffs allege that the CT Children's defendants misdiagnosed EP with juvenile idiopathic arthritis when in fact she had Lyme Disease. *Id.* ¶ 85. The plaintiffs allege that, since EP has started treating for Lyme Disease and has been weaned off medications intended to treat juvenile idiopathic arthritis, her condition has improved. *Id.* ¶ 89.

The plaintiffs filed their initial Complaint on October 19, 2022. Compl., ECF No. 1. The plaintiffs filed the operative Amended Complaint on May 15, 2023. ECF No. 47. On June 5, 2023, the CT Children's defendants moved to dismiss each of the plaintiffs' claims against them. ECF No. 53. The Court granted the CT Children's defendants' Motion to Dismiss on all counts except Count Twelve, alleging medical malpractice. *See* Mem. of Decision, ECF No. 82 at 28–29. As a result, only the medical malpractice claim in Count Twelve has survived in this action against the CT Children's defendants. *Id.* at 29–30.

The CT Children's defendants moved for summary judgment on January 30, 2026. ECF No. 98. The CT Children's defendants raised three grounds for summary judgment: (1) untimeliness under the applicable statute of limitations governing medical malpractice claims; (2) the plaintiffs' failure to disclose any expert reports in support of their claims; and (3) the

inadequacy as a matter of law of letters authored by two of EP's treating providers to support a *prima facie* case of medical malpractice against any of the CT Children's defendants. *Id.*

To date, the plaintiffs have not disclosed expert reports in the case. Rather, the plaintiffs' first indication that they would be seeking to disclose such an expert report was the present Motion for Leave to Serve Rebuttal Expert Disclosures, which was filed April 20, 2026 before being resubmitted in a revised format the next day. ECF Nos. 110 and 111. In their Motion, the plaintiffs' seek the Court's permission to serve an expert disclosure of Harry Hull, M.D., who apparently was an epidemiologist, most recently in Minnesota between 2000 and 2006. *See* ECF No. 111-2. Since that time, he appears to have worked solely as a medical-legal consultant. *Id.*

For the reasons that follow, the Court should deny the plaintiffs' Motion. The plaintiffs' disclosure of Dr. Hull, which still has not been served, would be untimely. Further, it would cause significant prejudice to the CT Children's defendants, who already have disclosed their experts and moved for summary judgment. The plaintiffs have failed to offer any reasonable explanation for the manifest delay in disclosing Dr. Hull, who would be their sole expert in support of a *prima facie* case of medical negligence against the CT Children's defendants. For all these reasons, the Court should deny the plaintiffs' Motion and preclude them from disclosing Dr. Hull in this case.

## II.    LAW AND ARGUMENT

### A.    Standard on Motion for Leave to Disclose an Untimely Expert.

"A party must make [expert witness disclosures] at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made . . . if the evidence is intended solely to contradict or rebut evidence [from an opponent's expert disclosed pursuant to Rule 26(a)], within 30 days after the other party's disclosure." *Barack v. American*

1963603_1

*Honda Motor Co.*, No. 09-cv-565, 2013 U.S. Dist. LEXIS 205165, at *1–2 (D. Conn. Apr. 10, 2013) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). "[T]his Court has the authority to manage its docket by, among other things, setting and enforcing deadlines." *Theriault v. United States*, No. 3:18-cv-00081 (KAD), 2020 U.S. Dist. LEXIS 128852, at *4 (D. Conn. July 22, 2020) (internal quotation marks omitted).

Rule 37(c) provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Because the denial of the plaintiffs' Motion for Leave to Serve Rebuttal Expert Disclosures would amount to the sanction of preclusion of Dr. Hull, the Court should apply the four-factor test set forth in *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). In particular, the Court should consider "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.* "The balancing of these factors is entrusted to the Court's discretion, and no one factor is dispositive." *Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:18-CV-00260 (KAD), 2022 U.S. Dist. LEXIS 16578, at *15 (D. Conn. Jan. 31, 2022).

### B. The Court Should Deny the Plaintiffs' Motion and Preclude Dr. Hull from Serving as an Expert in This Case.

Application of the *Softel* factors in the present case supports precluding Dr. Hull. In particular: (1) Dr. Hull is not a rebuttal expert, and the plaintiffs have failed to provide a

1963603_1

reasonable explanation for the untimeliness of his disclosure; (2) any importance of his testimony demonstrates that he is not a rebuttal expert; (3) the CT Children's defendants would be significantly prejudiced by the disclosure of Dr. Hull; and (4) the disclosure of Dr. Hull at this time would cause undue disruption in the orderly progression of the case to trial. For all these reasons, the Court should deny the plaintiffs' Motion. ECF No. 111.

      **1.**      **Dr. Hull is not a rebuttal expert, but, rather, is an untimely expert in support of the plaintiffs' *prima facie* case of medical malpractice.**

The first *Softel* factor weighs strongly against the plaintiffs in the present case. Contrary to their arguments, Dr. Hull is not a "rebuttal" expert but, rather, is an expert in support of the plaintiffs' *prima facie* case for medical malpractice. As such, the plaintiffs' disclosure of Dr. Hull's report was due on July 31, 2025. *See* ECF No. 95.

"Rebuttal evidence may be introduced to challenge the evidence or theory of an opponent, but may not be used to establish a case-in-chief." *Donell v. Fidelity Nat. Title Agency of Nev.*, No. 2:07-cv-00001-KJD-PAL, 2012 U.S. Dist. LEXIS 6590, at *12 (D. Nev. Jan. 19, 2012) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). "[A]llowing rebuttal expert to testify in [a] case-in-chief [is] not permitted because doing so would 'eviscerate the distinction between primary and rebuttal witnesses' and violate the court's progression order establishing timing of expert disclosures." *Madden* v. *Abate*, 800 F. Supp. 2d 604, 611 n.4 (D. Vt. 2011) (quoting *Marmo*, 457 F.3d at 759).

In *Geomatrix Systems, LLC v. Eljen Corp.*, No. 3:20-CV-1900 (SVN), 2023 U.S. Dist. LEXIS 200533, at *10–11 (D. Conn. Nov. 8, 2023), the Court found that a deadline for the disclosures of experts "on issues for which the parties bear the burden of proof" did not apply to an expert disclosed by the plaintiff purportedly to testify to issues raised by the defendant's

5

affirmative defense and cross-claim of inequitable conduct. *Id.*, at *3, *11. *Geomatrix Systems* stands for the principle that, for instance, a defendant intending to pursue a counterclaim bears the burden of proof on the counterclaim, and thus would be required to disclose experts by the Court's deadline for experts "on issues for which the parties bear the burden of proof." An expert disclosed by a defendant on the issues of standard of care or causation, by contrast, is not such an affirmative expert, but is itself a rebuttal or responsive expert as to an issue on which the defendant does not bear the burden of proof.

The *Geomatrix Systems* Court further considered whether the plaintiff's expert disclosure in that case was truly in nature a rebuttal expert. Despite finding that the expert had been disclosed ostensibly to respond to a defense expert who had been disclosed in support of a counterclaim, the Court determined that the expert was not truly a rebuttal expert because the report was not limited to matters raised in the defense expert's report. The Court held: "A rebuttal's scope 'is limited to the same subject matter encompassed in the opposing party's expert report, [and] district courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language.'" *Id.*, at *12 (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016)). Because the plaintiff's expert set forth matters that were relevant to the plaintiff's prima facie case and was not limited "solely to contradict or rebut" the opinions and methodology of the defense expert's report, the Court found that the plaintiff's expert was not a rebuttal witness within the meaning of Rule 26(a)(2)(D)(ii). *Id.*[1]

---

[1] To further illustrate the point, imagine that the defendants had not disclosed any expert witness reports because the defendants do not bear the burden of proof on any issue. In that situation, the plaintiffs would have no expert opinions to "rebut." In this way, the plaintiffs are attempting to use the defendants' expert report as a fig leaf to obfuscate their own failure to disclose any experts necessary to support their case in chief.

6

1963603_1

*Geomatrix Systems* applies squarely in the present case. In a medical malpractice action, the plaintiffs bear the burden of proof on standard of care, causation, and damages. "In any civil action to recover damages resulting from personal injury . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider . . . the claimant shall have the burden of proving by the preponderance of the evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider." Conn. Gen. Stat. § 52–184c(a). "To prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury. . . . Generally, the plaintiff must present expert testimony in support of a medical malpractice claim because the requirements for proper medical diagnosis and treatment are not within the common knowledge of laypersons." *Boone v. William W. Backus Hospital*, 272 Conn. 551, 567, 864 A.2d 1 (2005) (citation omitted; internal quotation marks omitted). The plaintiffs' disclosure of Dr. Hull clearly is being pursued to support their *prima facie* case of medical negligence, as their claim likely fails without it.

It is the plaintiffs' responsibility to disclose experts first as the party bearing the burden of proof. The scheduling order in the case reflected this. The plaintiffs had the obligation to disclose experts to support their *prima facie* case of medical malpractice *before* the defendants had any obligation to disclose rebuttal experts. For this reason, the plaintiffs' repeated reliance on the timing of the defendants' disclosure of expert reports is unfounded. And, even if the Court were to accept it, the plaintiffs still have not produced a disclosure or report of Dr. Hull, and more than 30 days has elapsed since the defendants' disclosed the reports that Dr. Hull

7

purportedly will rebut. Fed. R. Civ. P. 26(a)(2)(D)(ii). In fact, approximately four months have elapsed.

Although it is true that the defendants permitted the plaintiffs to take fact discovery depositions beyond the scheduling order deadline to do so, the plaintiffs have not explained why this made it impossible to disclose Dr. Hull at an earlier time. The allegations against the CT Children's defendants in particular are medical malpractice claims, and there are over 2,000 pages of medical records documenting the CT Children's defendants' care of the minor child. Those records have been available to the plaintiffs since their creation and were produced to the plaintiffs at the outset of this litigation through initial disclosures. The plaintiffs simply have failed to explain why, in the course of discovery in the case, they could not disclose any expert reports prior to the deadline to do so. At a minimum, if the plaintiffs truly needed additional discovery to disclose experts, they should have requested additional time beyond July 31, 2025 to do so. They did not.

The plaintiffs' argument that they "began an exhaustive search for a rebuttal expert in the summer of 2025"; ECF No. 111 at 5; highlights two points. *First*, this was done prior to the CT Children's defendants' disclosures of their own experts; the fact that the plaintiffs apparently only identified Dr. Hull afterward does not make him a rebuttal expert. The plaintiffs clearly understood at that time that they needed expert testimony in support of their *prima facie* case and are attempting to disclose Dr. Hull for that purpose.

*Second*, no explanation is given for why the plaintiffs could not have undertaken such search for an expert well before then. This case was filed in October 2022—it has been pending for over three and a half years. The plaintiffs offer absolutely no reason why they could not have started a search for an appropriate expert some time prior to the summer of 2025. Rather, the

8

plaintiffs simply concede that they did not. The fact that apparently more than thirty experts declined to offer their assistance to the plaintiffs does not change this fact.

To the extent that the plaintiffs argue that Dr. Hull's opinions are necessary to rebut the opinions of the CT Children's defendants' experts and that "[t]he Medical Defendants' motion for summary judgment is predicated almost entirely on the opinions of their experts regarding the standard of care and causation"; ECF No. 111 at 7; this argument is simply incorrect. The CT Children's defendants' Motion for Summary Judgment did not rely in *any* respect on their own expert disclosures or reports. The Motion for Summary Judgment does not cite or rely in any way upon either of the CT Children's defendants' experts or their reports. Rather, as set forth above, the CT Children's defendants have raised arguments relating to the statute of limitations and the plaintiffs' own failure to adduce supporting, qualified expert opinion testimony. *See generally* ECF No. 98-1. Thus, insofar as the plaintiffs tie the need to disclose Dr. Hull to the CT Children's defendants' Motion for Summary Judgment in that respect, this argument has absolutely no merit.

In sum, the plaintiffs have not provided any satisfactory explanation for their failure to comply with the Court's discovery order. The first *Softel* factor weighs strongly in favor of denying the plaintiffs' Motion.

> **2.   Dr. Hull's testimony may be essential to the plaintiff's case, but this supports a finding that he is not a rebuttal expert.**

With respect to the second *Softel* factor, the CT Children's defendants concede that, in the absence of Dr Hull's testimony, the plaintiffs may be exposed to summary judgment. In fact, the absence of supporting expert testimony forms the basis for two of the three grounds for

9

summary judgment advanced by the CT Children's defendants in their January 30, 2026 Motion for Summary Judgment. *See* ECF No. 98 at 1.[2]

This further supports the CT Children's defendants' position that Dr. Hull is not being offered as a rebuttal expert. An expert whose testimony is necessary to maintain a cause of action simply is not a rebuttal expert within the meaning of Rule 26(a)(2)(D)(ii). *See Geomatrix Systems, LLC*, 2023 U.S. Dist. LEXIS 200533, at *10–11. Thus, if Dr. Hull's testimony is necessary in the action, this undermines the plaintiffs' position that he is merely being disclosed to rebut the opinions of the CT Children's defendants' experts.

### 3. Preclusion is the appropriate remedy in light of the untimeliness of Dr. Hull's disclosure.

As to the *Softel* third factor, decisions within this District have noted that it weighs in favor of precluding an untimely disclosed plaintiff's expert when the defendant "would be required to expend resources to depose Plaintiff's expert, consider the impact of the expert on the defense strategy, and potentially find a rebuttal expert." *Reyes v. Receivables Performance Mgmt., LLC*, No. 3:19-cv-01207 (KAD), 2021 U.S. Dist. LEXIS 45704, at *9 (D. Conn. Mar. 11, 2021).

The reasoning of *Reyes* applies in full in this case. Were the plaintiffs permitted to proceed with disclosing a report authored by Dr. Hull, the CT Children's defendants would incur significant costs in preparing to rebut his testimony, including taking his deposition and conferring with their own experts as to how to address his testimony. The disclosure of Dr. Hull

---

[2]The CT Children's defendants also advanced statute of limitations arguments that do not depend in any way on the plaintiffs' failure to disclose supporting expert reports. *Id.*; *see also* ECF No. 98-1 at 16–24.

1963603_1

DANAHERLAGNESE, PC • 21 OAK STREET, HARTFORD, CT 06106 • (860) 247-3666

also would add to the costs of preparing for trial, due to the need to spend additional time with their own experts preparing for his expected testimony as well as preparing a cross-examination.

Further, to the extent the CT Children's defendants, in the usual course, might have decided to disclose an additional or different experts to respond to Dr. Hull's opinions had he been disclosed first as the scheduling order anticipated, the CT Children's defendants already have disclosed expert reports, and the discovery deadline has passed. Courts have held that all these factors support preclusion of an expert. *E.g.*, *Miles v. County of Broome*, No. 3:04-cv-1147, 2006 U.S. Dist. LEXIS 15482, at *14 (N.D.N.Y. Mar. 6, 2006).

Depending on the Court's resolution of the other grounds advanced in the CT Children's defendants' Motion for Summary Judgment, Dr. Hull's disclosure and report also potentially would require further briefing on the Motion for Summary Judgment. As noted above, the CT Children's defendants devoted considerable briefing to the fact that, to that point in time, the plaintiffs had not properly disclosed an expert to support their medical malpractice claims. *See* ECF No. 98-1 at 24–37. Although it is impossible to say in the absence of Dr. Hull's report and deposition, it appears likely that Dr. Hull's disclosure would affect some of these arguments to the point of requiring further briefing. The CT Children's defendants should not be required to incur this additional cost. Substantial discovery and motion practice already have occurred in this case, and the further expense of additional briefing in support of their Motion for Summary Judgment would be an undue expense at this time.

Moreover, the CT Children's defendants likely would be forced to file a motion to preclude, depending on the contents of Dr. Hull's report. According to his curriculum vitae, Dr. Hull is an epidemiologist. *See* ECF No. 111-2. The CT Children's defendants anticipate that they

11

likely would have grounds for his preclusion on the basis that he is not a pediatric rheumatologist and is not qualified to testify to the standards of care that applied in this case.

Conn. Gen. Stat. § 52–184c provides that "the claimant shall have the burden of proving by the preponderance of the evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider." The statute defines the professional "standard of care" as "that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers." Conn. Gen. Stat. § 52–184c(a). "In order to establish [the prevailing standard of care, breach of the standard of care and causation of the injury] the plaintiff is required to present the testimony of an expert." *Gold v. Greenwich Hosp. Ass'n*, 262 Conn. 248, 256, 811 A.2d 1266 (2002).

When the defendant healthcare provider is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds itself out as a specialist, the statute defines a "similar health care provider" as "one who: (1) Is trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty." General Statutes § 52–184c(c).

Dr. Hull appears to fail this requirement. He is not board-certified in pediatric rheumatology. Therefore, the CT Children's defendants likely would have to file a motion to preclude on this basis, further increasing the undue cost to them of this untimely disclosure.[3]

---

[3]The CT Children's defendants respectfully reserve the right to file such a motion to preclude at the appropriate time and after such a time that the plaintiffs have produced his report in the case.

1963603_1

DANAHERLAGNESE, PC • 21 OAK STREET, HARTFORD, CT 06106 • (860) 247-3666

In sum, the CT Children's defendants would be significantly prejudiced by Dr. Hull's involvement in the case. The third *Softel* factor thus weighs strongly in favor of denying the plaintiffs' Motion.

> **4.      The disclosure of Dr. Hull would impede the orderly progress of this case to trial.**

Although this matter currently does not have a trial date, permitting the plaintiffs to disclose Dr. Hull unduly would impede the readiness of this case for trial. As it is currently postured, discovery in the case has closed, and each of the two sets of defendants have filed their respective motions for summary judgment. The disclosure of Dr. Hull would require reopening discovery, as detailed above, and would significantly set back the case in terms of trial readiness. Particularly in light of the plaintiffs' unreasonable failure to disclose Dr. Hull earlier in the case, while discovery still was ongoing, causing such a significant disruption of the trial readiness of this case would be unwarranted under the circumstances. The fourth *Softel* factor does not support the plaintiffs' position.

## III.      CONCLUSION

For all the above reasons, the defendants, Connecticut Children's Medical Center, Lawrence Zemel, M.D., and Kevin Fitzsimmons, respectfully submit that the Court should deny the plaintiffs' Motion for Leave to Serve Rebuttal Expert Disclosures. ECF No. 111.

13

**THE DEFENDANTS,
CONNECTICUT CHILDREN'S MEDICAL
CENTER, LAWRENCE ZEMEL, M.D., AND
KEVIN FITZSIMMONS**


BY:    */s/ Thomas J. Plumridge, Esq.*
         Stuart C. Johnson, Esq.
         Fed. Bar No. ct20277
         Thomas J. Plumridge, Esq.
         Fed. Bar No. ct29394
         DANAHERLAGNESE, P.C.
         21 Oak Street, Suite 700
         Hartford, Connecticut 06106
         Telephone: 860.247.3666
         Facsimile: 860.547.1321
         Email: sjohnson@danaherlagnese.com
                tplumridge@danaherlagnese.com

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


  */s/ Thomas J. Plumridge, Esq.*
Thomas J. Plumridge, Esq.

1963603_1

DANAHERLAGNESE, PC • 21 OAK STREET, HARTFORD, CT 06106 • (860) 247-3666