**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KATHARINE PILEGGI and ANTHONY PILEGGI,<br><br>Plaintiffs,<br>v.<br><br>KIM MATHIAS; JOETTE KATZ; KAELA MINERLY; FRANK ROTOVNIK; CONNECTICUT CHILDREN'S MEDICAL CENTER, DR. ROMAN ADLER; DR. LAWRENCE ZEMEL, DR. LINDSEY LAUGHINGHOUSE; DR. ANDREW BAZOS; KEVIN FITZSIMMONS, P.A.; HEATHER PERRAULT; and CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES,<br><br>Defendants. | Civil No. 3:22-cv-01315 (AWT) |

**ORDER RE MOTION FOR RECONSIDERATION**

The plaintiffs move for reconsideration of the September 14, 2026 Ruling on Motion for Leave to Serve Expert Disclosure (ECF No. 125) (the "Ruling"), in which the court denied Plaintiffs' Revised Rule 56(d) Motion for Leave to Serve Rebuttal Expert Disclosures. For the reasons set forth below, Plaintiffs' Motion for Reconsideration (ECF No. 127) is hereby DENIED.

"The standard for granting . . . a motion [for reconsideration] is strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration are

generally "denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Id. at 256-57 (internal citation omitted). See also D. Conn. Civ. R. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 470). A motion for reconsideration "'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . .'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

The plaintiffs argue that the Ruling was a manifest injustice because the court "[d]ecid[ed] the motion on a ground the Court indicated at argument it was not considering — and on which Plaintiffs, in reliance, declined to be heard." Plaintiffs' Motion for Reconsideration at 2. To support that contention, the plaintiff states:

> [W]hen Plaintiffs' counsel began to defend Dr. Hull's qualifications, the Court expressly declined to reach the issue, stating "I don't want to get into that argument" and that it was "just looking at what's the additional work." (Tr. 33:2-9.) Counsel then stated her understanding on the record — the Court was "not considering the arguments with regards to Dr. Hull's qualifications at this point" — the Court answered "No," and counsel accordingly stated, "so I won't address that." (Tr. 34:17-23.) Yet the Ruling then weighed Dr. Hull's lack of board certification in pediatric rheumatology against Plaintiffs as a basis for preclusion. (Ruling at 12-13.)

Id.

However, the Ruling is consistent with the point made by the court during oral argument. The first full paragraph on page 12 of the Ruling states: "Finally, the court agrees with the CT Children's Defendants that they would likely be forced to incur the expense of filing a motion to preclude any report by Dr. Hull." Ruling at 12. The court next quotes from the defendants' opposition and then states that the CT Children's Defendants correctly point out aspects of Dr. Hull's background that mean that they would likely be forced to incur the expense of filing a motion to preclude any report by Dr. Hull. The court was weighing the expense that the CT Children's Defendants would be forced to incur to challenge Dr. Hull's qualifications; it was not weighing Dr. Hull's qualifications.

The plaintiffs also argue that they raise points in their reply that were not addressed by the court. The court is not required to address every point made in the parties' papers,

only those that are material. In any event, the first "dispositive point[]" pointed to by the plaintiffs is that "any challenge to Dr. Hull's qualifications was premature." Motion for Reconsideration at 2. This point was covered at oral argument and in the Ruling, where the court made it clear that it was focusing on whether the CT Children's Defendants would be forced to incur the expense of challenging Dr. Hull's qualifications.

As to the second "dispositive point[]," the plaintiffs argue that the Ruling does not address whether "outright preclusion was a disproportionate sanction." Id. However, the court applied the four-factor test set forth in Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955 (2d Cir. 1997), because it recognized that denial of the plaintiffs' motion would amount to a preclusion sanction. The court then balanced the Softel factors and concluded that they weigh decisively in favor of denying the plaintiffs' motion under the circumstances presented in this case.

The plaintiffs argue that the Ruling "overlooked Conn. Gen. Stat. § 52-184c(d), which permits a physician who is not a 'similar health care provider' to testify on the standard of care; the record showing that Dr. Hull was teaching medicine throughout the statutory period; and Second Circuit authority that credential disputes go to weight on a developed record."

Id. at 2-3. However, as discussed above, the material issue was not whether the defendants had successfully challenged Dr. Hull's qualifications, but whether they would be forced to incur the expense of filing a motion to preclude any report by Dr. Hull.

The plaintiffs argue that "the Court committed clear error by imposing a case-dispositive preclusion sanction without ever considering, on the record, whether a lesser sanction would suffice." Id. at 3. The Ruling states that the court concluded that "[h]ere, the fact that the plaintiffs have failed to provide a credible explanation for failure to comply with the scheduling order, but instead improperly attribute their delay to conduct on the part of the CT Children's Defendants, standing alone, makes this a case where a sanction of preclusion is appropriate." Ruling at 13-14. The plaintiffs argue that "the argument transcript shows that lesser, curative measures were squarely presented to the Court." Motion for Reconsideration at 3. There was no curative measure presented by the plaintiffs' counsel during oral argument that addressed the court's serious concern about the plaintiffs' conduct, and the prejudice to the CT Children's Defendants. Rather the plaintiffs' counsel repeated the arguments she had made in her written submissions that there was no undue prejudice to the CT Children's Defendants. The court concluded otherwise.

It is so ordered.

Dated this 28th day of September 2026, at Hartford, Connecticut.

/s/AWT

Alvin W. Thompson
United States District Judge